Argued November 2, reversed and remanded Novmeber 29, 1961

# USERY *v.* USERY
### 367 P. 2d 449

*Bruce W. Williams,* Salem, argued the cause for appellant. On the brief were Williams & Skopil.

No appearance for respondent.

Before McALLISTER, Chief Justice, and ROSSMAN, O'CONNELL, GOODWIN and LUSK, Justices.

LUSK, J.

This is a divorce suit in which the only question now involved is the correctness of that part of the decree which awarded the custody of the minor children of the parties, Robert, age six, and Nicholas, age four, to their mother, the defendant.

The plaintiff, Robert Usery, alleged in his complaint as grounds for divorce cruel and inhuman treatment, which consisted in defendant's consorting with other men, using intoxicating liquor to excess, absenting herself from the family home without explanation, and indicating to the plaintiff that she no longer loved him. The defendant filed a cross-complaint in which she asked for a divorce on the grounds of cruel and inhuman treatment, the specifications of which need not be stated.

The circuit court granted a decree of divorce to the plaintiff, but, as stated, awarded the custody of the minor children to the defendant, and plaintiff has appealed from that part of the decree. The defendant has not appeared in this court.

■ The basis of the decree of divorce, as stated in a memorandum of the circuit judge, was "that the plaintiff has sufficiently proved that the wife has associated with other men." The court found, however, that Mrs. Usery did not drink alcoholic beverages "to such excess that it makes her an unfit mother or can be considered as a part of grounds for divorce;" that she was a fit and proper person to have the care and custody of the children; and that the father was not "at this time * * * a sufficiently stabilized person to have custody of the children in comparison with the mother, considering the best interests of the children."

There is ample support in the evidence for the

finding that the defendant consorted with other men. The names of five of them appear in the testimony. The defendant was a frequenter of beer taverns and cocktail bars and on four different occasions arrived home between the hours of four and five o'clock in the morning accompanied by one of these men. It is impossible to disassociate her weakness for intoxicating liquor from her weakness for men. She was twice committed to the Oregon State Hospital for short periods of time because of excessive drinking. Her drinking was not confined to places away from home, but she also consumed large quantities of beer and fortified wine at home. She admitted at the trial that she still drank and her claim that she no longer drank to excess is not convincing.

The plaintiff was himself formerly a heavy drinker, but about two years before the divorce suit he became a member of Alcoholics Anonymous and quit the use of alcoholic liquors altogether. We can find no evidence in the record which warrants the conclusion that by comparison she is the more stable character of the two. For several years past he has been steadily employed in a position of some responsibility. He may not have been the easiest man in the world to live with, but there is nothing to indicate instability of character or that he has not been a good father to his children or is unwilling or unable to give them a suitable home and proper care.

At the time of the entry of the decree our statute provided that whenever a marriage is dissolved the court has power further to decree as follows:

"For the future care and custody of the minor children of the marriage, as it may deem just and proper, having due regard to the age and sex of such children, and unless otherwise manifestly im-

proper, giving the preference to the party not at fault." ORS 107.100 (1) (a).

■ The 1961 Legislative Assembly amended this section so as to read:

"(1) Whenever a marriage is declared void or dissolved, the court has power further to decree as follows:

"(a) For the future care and custody of the minor children of the marriage as it may deem just and proper. In determining custody the court shall consider the best interests of the child and the past conduct and demonstrated moral standards of each of the parties. No preference in custody shall be given to the mother over the father for the sole reason that she is the mother." Oregon Laws 1961, ch 540, p 1018.

Under either statute, the ultimate criterion is what decision is most likely to assure the best interests of the children and of this the courts, exercising an informed discretion, must be the judges. This court is slow to reverse a decree of the circuit court on a question of this kind, but we are unable to avoid the conclusion that as long as the defendant refuses to give up the use of intoxicating liquors the welfare of her children would be jeopardized should they remain in her custody. We, therefore, reverse the decree in that regard, and award the custody of the children to the plaintiff. The defendant should have the right of reasonable visitation and the cause will be remanded to the circuit court to enter a new decree containing suitable provisions in that regard. No costs or disbursements will be allowed.